

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smith" (2008). *2008 Decisions*. Paper 226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-5113 and 07-1784

UNITED STATES OF AMERICA

v.

ANTHONY T. SMITH,
Appellant

Appeals from the United States District Court
for the Western District of Pennsylvania
(D.C.  Criminal No. 05-cr-00119-1)
District Judge:  Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2008

Before:  RENDELL and SMITH, Circuit Judges,
and POLLAK*, District Judge.

(Filed: November 17, 2008)

OPINION OF THE COURT

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Anthony Tusweet Smith appeals his conviction and sentence for conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms or more of cocaine contrary to the provisions of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) in violation of 21 U.S.C. § 846.

Because we write for the parties, we set out only those facts which are pertinent to our analysis. Kyle Goosby, a named co-defendant and cooperating witness, testified that he first purchased cocaine from Smith in August of 1998. We recount the facts according to his testimony.

In February of 1999, Goosby, Smith and two co-defendants set out from Beaver County, Pennsylvania to purchase cocaine from a source in San Antonio, Texas. The group traveled in a car provided by Smith. Goosby testified that the group traveled with a total of $105,000 – enough cash to purchase 6.5 to 7 kilograms of cocaine – and that Smith contributed $60,000. Due to inclement weather en route, the group aborted the trip.

In mid-October 1999, Smith participated in a second trip to purchase cocaine from the San Antonio source. This time, the trip was thwarted when Nashville Police Officers stopped the Buick Regal due to a partially obscured rear license plate. Officers searched the car's interior and trunk and found two boxes containing $145,000 in cash, enough money to purchase 9 to 10 kilograms of cocaine. Smith, Goosby, and a third passenger

2

were charged with state money laundering offenses and taken into custody.

As a result of the October traffic stop, Goosby was incarcerated until March 2000. Goosby testified that upon his release, Smith gave him nine ounces of cocaine to help him reestablish himself in the drug business.

Goosby further testified that from the summer of 1999 to 2000, he received seven shipments totaling more than 20 kilograms of cocaine from San Antonio. At trial on the present charges, the Government provided documentation corroborating Goosby's testimony. Goosby testified that by 2000, he was receiving between three and four kilos of cocaine a month and that Smith received approximately half of the cocaine involved in each shipment.

In mid-March of 2000, Smith and Goosby had a confrontation in Goosby's car that led to Smith shooting Goosby. This event, according to Goosby, "was the end of the relationship, period."[1]

In January 2003, the conspiracy was broken up when agents of the Pennsylvania Attorney General's Office intercepted one of Goosby's cocaine shipments.

In April 2005, Smith was charged with violating 21 U.S.C. § 846, conspiracy to distribute more than five kilograms of cocaine. Smith was tried in a bench trial and found guilty. He was sentenced to 327 months imprisonment. He filed a timely notice of

---

[1]The District Court also found that this was the end of their relationship. Smith was incarcerated after the shooting; the District Court marked this event as the end of his involvement in the conspiracy.

3

appeal.

On appeal, Smith contends that his conviction was based on insufficient evidence to support a verdict of guilty of conspiracy. Our review of a challenge to the sufficiency of the evidence is plenary. *United States v. Taftsiou*, 144 F.3d 287 (3d Cir. 1998). "A claim of insufficiency of evidence places a very heavy burden on the appellant. We must affirm the convictions if a rational trier of fact could have found defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995) (internal citations omitted). We will consider "the evidence in the light most favorable to the Government, and credit all reasonable inferences that support the verdicts." *United States v. Perez*, 280 F.3d 318, 342 (3d Cir. 2002) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

The essential elements of a conspiracy are: (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that common goal. *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). "The elements of a conspiracy may be proven entirely by circumstantial evidence, but each element of the offense must be proven beyond a reasonable doubt." *Id*.

In reaching its conclusion that the elements of conspiracy were proven beyond a reasonable doubt, the District Court relied heavily on Goosby's testimony rejecting Smith's denial of any involvement with cocaine, Goosby, or any other member of the

4

conspiracy as "entirely incredible." The Supreme Court has held that "uncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction." *United States v. De Larosa*, 450 F.2d 1057, 1060 (3d Cir. 1971) (citing *Caminetti v. United States*, 242 U.S. 470 (1917)). Here, the District Court found Goosby's testimony to be credible and cited "tremendous corroborative" evidence in its support, including documentary evidence, the testimony of additional witnesses, and the video tape of the October 1999 traffic stop. Viewing this evidence in the light most favorable to the Government and crediting all reasonable inferences in support of conviction, we find no reason that the District Court should not have relied on Goosby's testimony.

Viewing the evidence in the light most favorable to the Government, we conclude that a rational trier could have found Smith guilty of conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms or more of cocaine. Smith's involvement in the February 1999 and October 1999 trips to buy cocaine, his provision of cocaine to Goosby after his March 2000 incarceration, his regular receipt of cocaine from Goosby's shipments, and the sale of cocaine to co-conspirators are sufficient facts from which a rational trier of fact could infer Smith's general awareness of the scope of the conspiracy's illegal objective. We agree with the District Court conclusion that there was "no doubt whatsoever" that Smith was a member of the conspiracy, who agreed to work toward the conspiracy's goal of distributing cocaine in the Western District of

5

Pennsylvania. We find that there is sufficient evidence to support Smith's conspiracy conviction.

Smith further contends that the amount of drugs attributable to him are not supported by the evidence. We review a sentencing court's factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).[2] The Government's evidence established that Smith attempted to obtain or directly obtained approximately 43.5 kilograms of cocaine during the course of his association with the conspiracy. At his sentencing hearing, the Court concluded that, even if Smith were not responsible for the full 43.5 kilograms of cocaine, he was "indubitably" responsible for at least 15 kilograms, the threshold for adjusting his base offense level for sentencing purposes under Sentencing Guideline Section 2d1.1(c)(3). We find no clear error in the District Court's conclusion that Smith was responsible for more than 15 kilograms of cocaine.

For the foregoing reasons, we will affirm the Judgement and Commitment Order of the District Court.

---

[2] "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).